Rebecca L. Fordon,
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
*fordon@law.ucla.edu*

November 11, 2020

PACER Multi-Court Fee Exemptions
Administrative Office of the United States Courts
One Columbus Circle, NE
Washington, D.C. 20544
<u>**By electronic mail**</u>:  *Multi-CourtExemptions@ao.uscourts.gov*

**Re: Fee exemption for FOIA Answer Time Study**

Dear Attorney Advisor:

I write to respectfully request a multi-court PACER fee exemption to study the amount of time the Government takes to file an answers (or other responsive pleadings) to complaints in FOIA cases.

**The purpose of this work** is to better inform the Advisory Committee on Civil Rules (hereafter the "Civil Committee"), which has pending before it a proposal to make changes to Federal Rule of Civil Procedure 12 to resolve an apparent conflict between the Rule and certain statutes that specify an expedited time for answering civil complaints, of which the Freedom of Information Act (FOIA) statute is the primary example.  5 USC § 552(a)(4)(C).

Without the change, FOIA litigants frequently do not receive the benefit of the statutorily shortened response time, frustrating the intent of the statute.

The Civil Committee first took up the issue in October 2019[1], in response to a suggestion from April 2019[2], and the committee drafted language.  By October 2020, the Commit-

---

[1] Minutes of the Civil Rules Advisory Committee, Oct. 29, 2019.
    `https://www.uscourts.gov/rules-policies/archives/meeting-minutes/`
    `advisory-committee-rules-civil-procedure-october-2019`

[2] Hartnett, Daniel. Civil Rules Suggestion 19-CV-O. April 12, 2019.

tee was uncertain whether the problem was sufficiently widespread to merit publishing a change to the rule. In advance of the meeting, the Reporter's memorandum optimistically suggested "There is little reason to believe that significant practical problems have been encountered" and that "when different times are set by statute and rule, [The Department of Justice] either complies with the shorter time or asks for an extension of the shorter time."[3] At the Oct. 16 meeting, an equally divided Committee was unable to agree on a path forward.

But the Committee was operating without data. A collaborator of mine previously and informally surveyed FOIA cases in one district in Jan. 2020 and found that the problem was widespread[4]. Not only do FOIA plaintiffs frequently fail to obtain the 30-day summonses, DOJ often does not respond within the statutory timeframe (not even to seek extension). There may also be motion practice around re-issuance of summons or re-setting of answer deadlines, with varying results.

This study seeks to expand that work nationwide to survey answer times in recent FOIA cases across all districts, from 2018 through present (a 2+ year study period).

**Cost:** There were approximately 870 FOIA cases in each of calendar years 2018 and 2019[5], so a two-year study reviewing docket sheets alone would cost about $3,840 (estimating each docket sheet at $2—the maximum charge is $3). Although the bulk of the work will be analysis of docket sheets, some examination of individual summonses and their returns may be included if time allows. I do not have a budget for this sort of work, which serves to promote good public policy through informed rulemaking.[6]

---

  https://www.uscourts.gov/rules-policies/archives/suggestions/daniel-hartnett-19-cv-o

[3] Oct. 2020 Agenda Book for the Civil Rules Advisory Committee at 145:405-418 (Tab 7: Rule 12(a): Filing times and statutes). https://www.uscourts.gov/rules-policies/archives/agenda-books/advisory-committee-civil-rules-october-2020

[4] Hawkinson, John. Civil Rules Suggestion 20-CV-EE. October 17, 2020. https://www.uscourts.gov/rules-policies/archives/suggestions/john-hawkinson-20-cv-ee

[5] Federal Judicial Center. FJC Integrated Database. https://www.fjc.gov/research/idb/interactive/IDB-civil-since-1988, queried for Nature of Suit 895 (FOIA) from Jan. 1, 2018 to Dec. 31, 2019.

[6] Although, as a librarian, I have a small budget for professional development, it is insufficient to cover

**Term of exemption:** I anticipate that this work will take a week or two to complete, ideally in time for the Civil Committee's April 2021 meeting. However, given the realities of administrative process to approve multi-court exemptions in all 94 judicial districts, and the fact that the Committee will subsequently meet in Oct./Nov. 2021, I request the exemption run through November 30, 2020, in order to allow for any feedback from the Civil Committee and to tailor the work in response.

**Exemption criteria:** This work meets the criteria enumerated in the Electronic Public Access Fee Schedule, Section 9: Discretionary Fee Exemptions. I am an individual researchers, associated with an educational institution. I have no funding for this work, so do not have the ability to pay.

I have demonstrated that a fee exemption is necessary to avoid an unreasonable burden — I cannot fund the $4,000 in costs for this work. The work clearly promotes public access to information by informing the rulemaking process, and the report of this work will be made available to the Civil Committee, which makes its materials public. If appropriate, the report of this work may also be separately published.

The study is well-defined and intended for scholarly research. The materials obtained through this fee exemption will not be redistributed on the Internet or for commercial purposes. The data will not be sold or transferred.

The exemption is for a definite period of time (studying cases from Jan. 1, 2018 through present, with the exemption to run through Nov. 30, 2020), and is limited in scope (FOIA cases, of which there are approximately 870 each calendar year). Although it is primarily focused on docket sheets, it may examine selected summonses and summons returns or other case documents where applicable.

**This work meets the criteria for a multi-court fee exemption**[7] because I am an indi-

---

this project, and have no separate budget for research.

[7] `https://pacer.uscourts.gov/my-account-billing/billing/fee-exemption-request-researchers`

vidual researcher working on a defined research project intended for scholarly work.

**As a matter of implementation**, I will supply the PACER Service Center with a dedicated PACER account to use for this work to avoid any confusion with non-exempt PACER activity.

**In the event the staff recommendation is other than to fully endorse this request,** I request leave to amend this request. I would prefer to avoid a patchwork of exemption grants.

                                       Very truly yours,

                                       */s/ Rebecca L. Fordon*
                                       Rebecca L. Fordon